UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, a Massachusetts Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH PALLARES, a Washington citizen; FANNY W. RAMIREZ, a Washington citizen; and ORJ, a Washington citizen,<br><br>Defendants. | CASE NO. C09-5038RJB<br><br>ORDER ON PLAINTIFF PRIMERICA LIFE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Primerica Life Insurance Company's ("Primerica") Motion for Summary Judgment. Dkt. 19. The Court has reviewed the pleadings filed in favor of and opposed to the motion and the record herein.

## I. **FACTS**

In March of 2007, Primerica issued life insurance policy number 0433779087 ("policy") on the life of Mario Jimenez. Dkt. 21-2, at 3- 24. The policy identifies Elizabeth Pallares, Mr. Jimenez's wife, as the primary beneficiary, and his children, Fanny W. Ramirez, an adult, and ORJ, a minor child, as secondary beneficiaries. Dkt. 21-3. The face amount of the policy is $750,000. Dkt. 21-2, at 3-24.

Mr. Jimenez died on February 5, 2008, in Tacoma Washington. Dkt. 21-4. The death certificate states the cause of death is "complications of interstitial pneumonitis; etiology undetermined." *Id.* The manner of death is undetermined. *Id.*

On February 22, 2008, Primerica received notice of Mr. Jimenez's death when it received

ORDER - 1

a search warrant from the Tacoma Police Department for the policy and all correspondence between it and Ms. Jimenez. Dkt. 21, at 2. Primerica was then contacted by Detective Lindsey Wade of the Tacoma Police Department. Dkt. 20, at 2. Det. Wade informed Primerica that Ms. Jimenez was under investigation as a homicide suspect regarding Mr. Jimenez's death. *Id.* In May of 2008, Ms. Jimenez filed a claim with Primerica for the proceeds of the policy. Dkt. 21-6. Primerica did not hear from the Tacoma Police Department for several months and then in August of 2008, it contacted Det. Wade. Dkt. 20, at 2. Primerica states that it was told that Ms. Jimenez was still under investigation for the Mr. Jimenez's death. *Id.*

Concerned about RCW 11.84.100 and being subject to multiple claims, on January 23, 2009, Primerica filed a Complaint in Interpleader regarding the proceeds of the policy. Dkt. 1. RCW 11.84.100 provides,

> Insurance proceeds payable to the slayer or abuser as the beneficiary or assignee of any policy or certificate of insurance on the life of the decedent, or as the survivor of a joint life policy, shall be paid instead to the estate of the decedent, unless the policy or certificate designate some person other than the slayer or abuser or his or her estate as secondary beneficiary to him or her and in which case such proceeds shall be paid to such secondary beneficiary in accordance with the applicable terms of the policy.

Primerica has served Ms. Jimenez, and she has appeared by counsel. Dkts. 5 and 7. Fanny W. Ramirez, Mr. Jimenez's adult child, was served on September 29, 2009, but has not appeared. Dkt. 15. Mike Smith, appointed by this Court to serve as guardian ad litem, has appeared on behalf of ORJ, the minor child. Dkt. 13.

Primerica now moves, pursuant to Fed. R. Civ. P. 22 and 56, for the Court to order: 1) it pay the proceeds of the insurance policy at issue, $750,000, plus interest at the statutory rate, less attorneys fees and costs, into the registry of the Court, 2) it and its agents be discharged from any further obligations arising from the policy, and 3) the Defendants be enjoined from pursing any claims regarding the policy against it. Dkt. 19. Primerica states that it will attach declarations setting forth its costs and attorneys' fees request with its reply brief. Dkt. 19, at 6.

ORJ's guardian ad litem filed a response, indicating that he had no objection to Primerica depositing the proceeds, with interest, in the registry of the Court. Dkt. 22. No objection was made to discharging Primerica from any further liability or to an order enjoining further action against Primerica with respect to the proceeds. *Id.* ORJ's objection is solely to an award of

ORDER - 2

attorneys' fees and costs because no declarations supporting the request were submitted. *Id*.

Ms. Pallares filed a Declaration, also objecting to the fact that Primerica failed to include the amount of attorneys' fees it was requesting in its motion. Dkt. 23.

Primerica filed a Reply and stated, for the first time, it was requesting $11,750.81 in attorneys' fees and costs. Dkt. 24.

## II. <u>DISCUSSION</u>

### A. SUMMARY JUDGMENT - STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be

ORDER - 3

developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, *supra*). Conclusory, non specific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     PROCEEDS AND INJUNCTIVE RELIEF**

Fed. R. Civ. P. 22 provides that, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." "In an interpleader action, the 'stakeholder' of a sum of money sues all those who might have claim to the money, deposits the money with the district court, and lets the claimants litigate who is entitled to the money." *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1265 (9th Cir. 1992). After depositing the funds at issue with the court, an interpleader plaintiff may be discharged from further liability and defendants may be enjoined from pursuing further legal action against the plaintiff regarding the proceeds. 28 U.S.C. § 2361.

Primerica should be ordered to deposit the proceeds of the policy, plus interest at the statutory rate, less attorneys' fees and costs, into the registry of the Court. Such deposit should be made after the order awarding a specific amount in fees and costs is entered. Primerica and its agents should be discharged from any obligations arising from the policy at issue and Defendants should be enjoined from pursuing claims regarding the policy proceeds against Primerica or its agents.

**C.     ATTORNEYS' FEES AND COSTS**

"The availability of attorneys' fees for interpleader plaintiffs recognizes that by bringing the action, the plaintiff benefits all parties by promoting early litigation" as to the ownership of the funds. *Trustees of the Directors Guild of America-Producer Pension Benefits Plans v. Tise,* 234 F.3d 415, 426 (9th Cir. 2000). "The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Id.* Pursuant to the Washington Rule of Professional Conduct 1.5 and relevant Ninth Circuit case law, the attorneys' fees requested should be reasonable. *See Jordan v. Multnomah County*, 799 F.2d 1262, 1265 (9th Cir. 1986).           Primerica is entitled to an award of attorneys' fees and costs. The Court is unable to determine the amount of fees and costs that should be awarded because Primerica failed to file any supporting documentation for its request for attorneys' fees and costs with this

ORDER - 4

motion. Its motion for attorneys' fees and costs (Dkt. 19) should be renoted so the other parties have an opportunity to respond to whether the fees requested are reasonable. Parties are reminded that in determining what attorney's fee is reasonable in a particular case, the court arrives at the "lodestar amount," that is, multiplying the number of hours reasonably expended by a reasonable hourly rate. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Jordan v. Multnomah County*, 799 F.2d 1262, 1265 (9th Cir. 1986). There is a strong presumption that the lodestar represents the reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The Ninth Circuit also requires consideration of the factors announced in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975) in reviewing a claim for attorneys fees. *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1065 (9th Cir. 2006). Primerica's motion for an award of attorneys' fees and costs (Dkt. 19) should be renoted for December 30, 2009. Responses, if any, should be filed by December 23, 2009, and the reply, if any, should be filed by December 30, 2009.

### III. **ORDER**

Therefore, it is hereby, **ORDERED** that:

- Primerica Life Insurance Company's Motion for Summary Judgment (Dkt. 19) is **GRANTED** as follows:
    - Primerica **SHALL DEPOSIT** the proceeds of the policy, plus interest at the statutory rate, less attorneys' fees and costs, into the registry of the Court after a ruling on attorneys' fees and costs is entered;
    - Primerica and its agents **ARE DISCHARGED** from any obligations arising from the policy at issue;
    - Defendants **ARE ENJOINED** from pursuing claims regarding the policy proceeds against Primerica or its agents;
- Primerica Life Insurance Company's Motion for Summary Judgment (Dkt. 19) is **RENOTED** for December 30, 2009 as to the amount of attorneys' fees and costs to be awarded; Responses, if any, to the amount requested **SHALL BE FILED** by December 23, 2009, and the reply, if any, **SHALL BE FILED** by December 30, 2009.

1 • The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2     to any party appearing *pro se* at said party's last known address.
3 DATED this 14th day of December, 2009.

                                                     Robert J. Bryan
                                                   United States District Judge